## STATE *v.* HOBBS.

It is no defence to an action upon a note that the consideration of it was another note, against one B., transferred to the defendant by the plaintiff, with a guaranty of payment before the note in suit should fall due, which note against B. has not been paid.

An indictment for perjury is insufficient which charges the false statement of the above facts, in an affidavit made by a defendant, upon a motion for the continuance of a civil action at the first term, under the 27th rule of court; such facts not showing probable ground of defence, and being immaterial upon the question of continuance.

THE facts of this case sufficiently appear from the opinion of the court, delivered by

DOE, J. In an indictment for perjury, the perjury assigned was in making an affidavit to procure the continuance of an action brought by one White against Hobbs, upon a note signed by Hobbs, and payable to White, or order, in ninety days. The continuance was asked by Hobbs at the first term, under the 27th rule of court, which entitles the defendant to a continuance, upon his satisfying the court, by affidavit, that he has probable ground of defence. The facts stated in the affidavit were, that the note was given for another note, signed by one Braybrook, and transferred by White to Hobbs; that White guaranteed the payment of the Braybrook note before the note in suit should fall due; and that the Braybrook note had not been paid; all which would not constitute a defence, and therefore the affidavit was not material upon the question of continuance.

*Indictment quashed.*

*Benton & Ray,* and *Woods & Binghams,* for the defendant.

*Whidden,* solicitor, for the State.